CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Criminal No.7:04CR00053 |
| v. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ) | |
| CHRISTOPHER J. GIBSON ) | By: Samuel G. Wilson |
| ) | United States District Judge |

Plaintiff, Christopher Gibson, a federal inmate incarcerated at FCI Butner, which is located in the Eastern District of North Carolina, filed a motion for an order "to cease and desist" which the clerk filed and docketed in this closed criminal case. Because Gibson is incarcerated in the Eastern District of North Carolina and is not challenging the court's sentencing order but rather the execution of that order, Gibson must file an appropriate action in that district.[1] Because the court lacks jurisdiction in the context of Gibson's closed criminal case to order the Bureau of Prisons to "cease and desist," the court denies Gibson's motion

I.

The court sentenced Gibson to 151 months incarceration and ordered restitution of $1942 (the cost of a methamphetamine lab cleanup) and a special assessment of $100 but did not establish a payment schedule. Later, due to a purported change in Gibson's economic

---

[1] Gibson filed a 28 U.S.C. § 2255 motion challenging his conviction in this court. The court denied that motion on June 12, 2006, Gibson v. United States, 7:05 cv 00743 and the Court of Appeals filed its memorandum opinion dismissing Gibson's appeal on January 22, 2007.

circumstances, the court provided for equal monthly installments of $25.[2]  Gibson, however, according to his own account, is apparently participating in the Inmate Financial Responsibility Program ("the program") and is working for "UNICOR."[3]  As a condition to keeping his job, Gibson agreed to pay 50% of his income towards his court ordered restitution.

## II.

Gibson apparently believes that the threat of losing his job or paying 50% of his income violates this court's order.  Although this court sees no violation of its order because Gibson has no property or liberty interest in his prison job and the threat of losing it if he does not abide by his agreement to pay is not constitutionally significant, see Williams v. Farrior, 334 F Supp.2d 898 (E.D. Va. 2004), the court nevertheless has no jurisdiction in the context of Gibson's closed criminal case to decide the matter.  Moreover, were the court to construe it as a motion pursuant to 28 U.S.C. § 2241 because Gibson is challenging the execution of this sentence, see Price v. Mayberry, 2005 WL 1342956 (E.D. Mich.), jurisdiction would lie in the Eastern District of North Carolina, see United States v. Little, 392 F.3d 671, 680 (4th Cir. 2004), and if the court were to construe it as a Bivens action, see Williams v. Farrior, supra, venue would lie in that district.  See 28 U.S.C. § 1391(e).

---

[2] The court apparently established the installment payment schedule at the instance of Gibson's federal probation officer.  In hindsight, is fairly debatable whether the court should have done so, and the court will reconsider the matter if The United States, which is also the victim for purpose of the restitution order, gives the appropriate notification and certification required by 18 U.S.C. § 3664 (k).

[3] UNICOR is the commercial or "trade" name of Federal Prison Industries, Inc. See Williams v. Farrior, 334 F. Supp. 2d 898, n. 4 (E.D. Va 2004).

2

## III.

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Gibson's motion "to cease and desist" is **DENIED**.

**ENTER**: This February 5, 2007.

_____
UNITED STATES DISTRICT JUDGE

3

Case 7:04-cr-00053-SGW   Document 46   Filed 02/05/07   Page 3 of 3   Pageid#: 80